NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERMAN F. MEIER, | No.    22-35386 |
| Plaintiff-Appellant, | D.C. No. 6:20-cv-00758-SI |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted June 16, 2023[**]
Portland, Oregon

Before:  TALLMAN and RAWLINSON, Circuit Judges, and RAKOFF,[***] District Judge.

Herman Meier appeals the district court's order affirming an Administrative

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Law Judge's (ALJ) decision denying his claim for supplemental security income. Meier argues the ALJ erred by rejecting his subjective symptom testimony and by rejecting his neighbor's lay witness testimony. Meier also argues the ALJ's finding that his medically determinable impairments were not severe is unsupported by substantial evidence. We review de novo the district court's ruling and may set aside the ALJ's denial of benefits only for legal error or lack of substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). We affirm.

1. Contrary to Meier's argument on appeal, the ALJ did not fully reject his subjective symptom testimony. Rather, the ALJ noted specific discrepancies in Meier's testimony that undercut his other "statements concerning the intensity, persistence and limiting effects of [his] symptoms." The ALJ was required to "evaluate whether the [symptom] statements [were] consistent with objective medical evidence and the other evidence," SSR 16-3p, 81 Fed. Reg. 14166, 14169 (Mar. 16, 2016); *see also* 20 C.F.R. § 404.1529(c) (2016), and ultimately concluded that Meier's symptom statements were "not entirely consistent with the medical evidence and other evidence in the record"—including Meier's own testimony before the ALJ. By citing the discrepancies in Meier's testimony and objective medical evidence throughout his analysis, the ALJ provided "specific, clear, and convincing reasons" to support the finding that Meier's claim of severe impairment was not consistent with the record as a whole. *Garrison v. Colvin*, 759 F.3d 995,

2

1010 (9th Cir. 2014).

2. The ALJ provided germane reasons for assigning "little weight" to the opinions expressed by Meier's neighbor. Similar to the handling of Meier's statements, the ALJ explained that the neighbor's opinions were inconsistent with both the objective medical evidence in the record and the conclusions of state agency medical consultants. "In light of our conclusion that the ALJ provided clear and convincing reasons for [discounting Meier's] own subjective complaints, and because [his neighbor's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

3. The ALJ's conclusion that Meier did not suffer from a severe impairment or a severe combination of impairments over a 12-month period is supported by substantial evidence. The ALJ noted that Meier suffers from a degenerative disc disease of the lumbar spine and arthritis in his right foot but found these impairments were not severe, citing medical records indicating Meier exhibited normal strength, gait, posture, and mobility over the relevant period. This finding is consistent with Meier's testimony that he experiences acute instances of severe back pain but treats the pain with Tylenol and is not seeking specialized treatment for his back.

Meier was briefly hospitalized due to diabetic ketoacidosis, but the ALJ referenced medical records indicating that the hospitalization was a result of Meier's

failure to take his medicine and that his diabetes is largely controlled by such medication. Although Meier experienced a severe, but short, "flare" in his psoriasis around March 2018, substantial evidence supports the ALJ's finding that this condition was also generally controlled by treatment. Although Meier uses an inhaler and was briefly hospitalized for respiratory failure, the ALJ reasonably observed that Meier denied any respiratory symptoms a couple of months later.

Substantial evidence supports the ALJ's finding that Meier's remaining impairments—which are largely unaddressed on appeal—did not contribute to the severity of his symptoms. The ALJ's conclusions are also unanimously supported by the opinions of four separate state agency medical and psychological consultants.

On this record, the ALJ's determination that Meier did not suffer from a severe impairment or a severe combination of impairments is supported by substantial evidence.

**AFFIRMED.**